## MARTIN v. HILL and Others.

### No. 7923; May 17, 1884.

#### 3 Pac. 861.

**Contract.**—The Construction by the Lower Court of the Contract sued upon held erroneous, and judgment and order reversed, and cause remanded.

APPEAL from the Superior Court of Marin County.

This was an action by plaintiff to be declared owner of certain lands, and that one of the defendants, L. W. Walker, be declared to hold the same in trust for him, and that de-

fendants be compelled to execute a deed to him.   Prior to
the commencement of this action a suit in partition was pend-
ing between owners of undivided interests in the Rancho La-
guna de San Antonio.   Certain of the parties, to protect their
interests, formed an association, and entered into a contract
whereby they agreed that on the decree of partition the
parties to such agreement might have a right to purchase
from the general interest, through the association, such por-
tions of the property as would be necessary, after such decree,
to give them title to property then in their possession.   The
defendant L. W. Walker was an owner of an undivided in-
terest and a party to such agreement.   Martin, the plaintiff
herein, had no title, and was not made a party to the parti-
tion suit, nor did he appear therein; he was a mere trespasser
on the rancho, but before the decree he purchased of said
Walker a parcel of undivided interest—the equivalent of the
parcel here sued for—in order to protect his possession
thereto.   He then, with the other parties before mentioned,
entered into such agreement.   He now, after decree of parti-
tion, claimed a right and brought this suit to enforce a con-
veyance of such property to him.   Defendants refused to
make such conveyance, denying his right to the same on the
ground that such agreement was only for the purpose of
securing the parties to such partition suit, so that if, after
partition, they had no title to such land, or portions thereof,
as they were in possession of, they might purchase of the asso-
ciation sufficient to give them proper title thereto.   The lower
court rendered judgment for defendants on the grounds set
forth by them.   Plaintiffs appealed.   The other facts are set
forth in the opinion.

E. S. Lippitt for appellant; A. W. Thompson for respond-
ent.

By the COURT.—The substantial point in this controversy
is thus stated by appellant in his points: "Did the defendants
agree with plaintiff to make title to the land in him, and
have they performed their agreement? And if not, should
they be compelled to do so?" The court below, in its opinion,
used the following language: "To hold in the case at bar
that the plaintiff may purchase from the parties to this con-

tract lands in his possession, the same being a part of the Rancho Laguna de San Antonio, is, in substance, saying that he must be allowed to take his undivided interest in the Rancho Laguna de San Antonio from the remainder of said rancho, and such is not the meaning of the contract under consideration, nor was it in any single sense the intention of the parties to such contract.''

We think the principal object of the contract was to enable the parties to it to acquire title to the lands in their possession respectively, and that the court erred in its construction of the contract. That being the case, and as the defendants have not performed their agreement in that regard, and as they should be compelled to do so, plaintiff is entitled to judgment.

In our opinion, the claim that plaintiff urges against Walker is entirely outside of this case, and we see no reason why his urging such claim against Walker should deprive him of the judgment to which he would otherwise be entitled. Whatever claim he makes against Walker must depend upon some contract between Walker and himself. If, under such contract, his claim is valid, he should be allowed to enforce it. If invalid, it is not to be supposed that he can enforce it. But in no view can it be held that plaintiff, having complied with the contract counted on in this case, is not entitled to the relief which he asks, by reason of the fact that he has brought a suit against Walker, based on some other claim which he may or may not succeed in sustaining. If the relief obtained by plaintiff here is a defense to Walker, in the suit against him, Walker will have abundant opportunity for setting it up in that case.

Judgment and order reversed and cause remanded, with instructions to render judgment for plaintiff in accordance with the prayer of his complaint.